**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

**MARK HAROLD MIXON**                                                             **PLAINTIFF**

**VERSUS**                                          **CIVIL ACTION NO. 1:09cv228-RHW**

**SHERIFF DAVID ALLISON**
**and PEARL RIVER COUNTY**                                              **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

On March 26, 2009, while he was an inmate of the Pearl River County Jail, Plaintiff filed

this complaint pursuant to 42 U.S.C. § 1983, along with a request for leave to proceed *in forma*

*pauperis*. Since that time, Mixon has been repeatedly warned that he must keep his address

current or his case may be dismissed. He was so warned in Order [3] entered March 27, 2009; in

Orders [5] and [6] entered April 6, 2009; in open court during the omnibus/screening hearing

conducted May 27, 2009; and by the docket minute entry of May 27, 2009.

On February 1, 2010, Defendants filed [22] a motion to dismiss or for summary judgment

and qualified immunity. Plaintiff's response to the motion was due by February 19, 2010, but

Mixon neither responded to the motion nor requested any additional time to do so. Exhibit G to

Defendants' motion indicates Pearl River County released Mixon to some other agency on

October 28, 2009, however, Mixon has filed no change of address. In fact, Mixon has never filed

a change of address since he commenced this lawsuit. Mixon has had no contact with the Court

since June 23, 2009, when he sent the clerk [21] a letter complaining of an officer at the jail. The

docket reflects that mail sent to Mixon has three times been returned as undeliverable. On

February 11, 2010, Defendants filed [27] notice of return of mail consisting of [22] their motion

to dismiss or for summary judgment and qualified immunity, [23] Defendants' memorandum

brief in support of the motion, and [24] their motion to allow conventional filing of exhibits to the motion. A clerk's docket entry of February 18, 2010, notes that [28] the Court's February 1, 2010 order entered in this case was returned to the Court as undeliverable, and another clerk's entry on March 22, 2010, indicates that [29] another order of the Court was returned undeliverable.

The Court record establishes that the Plaintiff has failed to keep this Court informed of his current address. The Court finds it apparent from Mixon's actions, or inaction, that he lacks interest in pursuing this claim. This Court has the authority to dismiss an action for the Plaintiff's failure to prosecute under Fed. R. Civ. P. 41(b) and under its inherent authority to dismiss the action *sua sponte*. *See Link v. Wabash R.R.*, 370 U.S. 626, 629 (1962); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. *Link*, 370 U.S. at 630. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court. *Id.* at 629-30. Based on the foregoing, the Court finds this action should be dismissed without prejudice for Plaintiff's failure to prosecute under FED. R. CIV. P. 41(b). It is therefore,

**ORDERED AND ADJUDGED** that Plaintiff's complaint shall be dismissed without prejudice. A Final Judgment in accordance with this Memorandum Opinion and Order will be entered.

**SO ORDERED AND ADJUDGED** this the 5th day of April, 2010.

/s/ *Robert H. Walker*

ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE